UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AGYAPAL SINGH,

Plaintiff,

v.

UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, et al.,

Defendants.

No. 2:26-cv-01905-DAD-SCR

FINDINGS AND RECOMMENDATIONS

Plaintiff is proceeding pro se in this matter, which is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). The Court now recommends that this action be dismissed as moot.

**I. Background and Procedural History**

Plaintiff instituted this action on May 22, 2026, by filing a complaint and paying the filing fee. ECF No. 1. The complaint named as Defendants the United States Citizenship and Immigration Services ("USCIS"), the secretary of the Department of Homeland Security, and the U.S. Attorney General. ECF No. 1 at 2-3. Plaintiff invoked jurisdiction pursuant to the Mandamus Act and the Administrative Procedure Act. *Id.* at 4. Plaintiff claimed that he filed a form I-485 seeking adjustment of status on February 28, 2024, and had an interview with USCIS

on March 6, 2025. *Id.* at 5. Plaintiff sought a writ of mandamus compelling USCIS to make a decision on his application without further delay. *Id.* at ¶ 6.

On October 2, 2026, Defendants filed a Notice of Adjudication and Suggestion of Mootness ("Notice"). ECF No. 5. The Notice states that Plaintiff's application has been adjudicated and that on July 2, 2026, USCIS "issued an approval of Plaintiff's Application, completing the adjudication that Plaintiff had requested in his action." *Id.* at 1. Defendants state there is no remaining controversy to adjudicate and the action should be dismissed as moot. *Id.* at 2. Attached to the Notice as an Exhibit is the "Approval Notice" issued to Plaintiff, dated July 2, 2026. ECF No. 5-1. The Approval Notice states in part: "This is to notify you that your application for lawful permanent residence has been approved." *Id.*

On October 14, 2026, the Court issued an order directing Plaintiff to confer with defense counsel and discuss whether Plaintiff agrees the case is moot. ECF No. 6. If so, the parties were to file a stipulation for dismissal, and "[i]f Plaintiff does not agree that the case is moot, Plaintiff shall file a brief explaining Plaintiff's position on or before 10/28/2026." *Id.* Plaintiff has not responded to Defendants' Notice or to the Court's order.

## II. Mootness

Plaintiff's complaint sought to compel adjudication of his I-485 Application. ECF No. 1 at 6. That was the only relief sought in the complaint. *Id.* Defendants represented in their Notice (ECF No. 5) that the application has been adjudicated. Defendants submitted the Approval Notice to the Court. ECF No. 5-1. Plaintiff was given the opportunity to contest the Defendants' suggestion of mootness, and Plaintiff did not respond. Accordingly, it appears that Plaintiff has obtained the relief sought in the complaint, and that the action is moot. *See Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1086 (9th Cir. 2011) ("[I]f events subsequent to the filing of the case resolve the parties' dispute, we must dismiss the case as moot, because we do not have the constitutional authority to decide moot cases.") (citation and quotation omitted); *see also Aldarwich v. Hazuda*, 593 F.App'x 654, 655 (9th Cir. 2015) ("To the extent that Aldarwich's complaint sought to compel the United States Citizenship and Immigration Services ("USCIS") to adjudicate his application for adjustment of status and to declare that he was not inadmissible,

that claim became moot when the USCIS denied the application during the district court proceedings.").

Accordingly, **IT IS HEREBY RECOMMENDED** that:

1. This action be dismissed as moot; and
2. The Clerk be directed to enter Judgment and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these findings and recommendations, either party may file written objections with the court. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Local Rule 304(d). Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 6, 2026.

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE